Per Curiam.
The question turns mainly on the construction to be put upon 2 R. S. 424, § 43, 2d ed. This declares that, “ Whenever a warrant shall be issued as aforesaid, by any such magistrate, for the removal of any tenant from any demised premises, the contract or agreement for the use of the premises, if any such exist, and the relation of landlord and tenant between the parties, shall be deemed to be cancelled and annulled.” It is contended in behalf of the tenant that this annulment of the contract operates from the beginning, and that none of the rent due before the warrant of removal was issued can be recovered. On the other hand, it is contended that the annulment operates only from the time when the warrant issues, leaving the contract to its full effect previous to that time.
The words of the statute admit of either construction, inasmuch as they do not expressly fix the time; and, in determining which should prevail, it is our duty to regard consequences. *509 To say that the contract shall be considered as void and inoperative from the beginning, would not only cut off the remedy afforded by its terms for rent which may have accrued at any time past, but would even enable a tenant to recover back all he had paid. A consequence so unjust we cannot allow without words expressly declaring it. The opposite construction maintains the contract as to the rent due prior to the eviction, which it is the duty of the tenant to pay. This he has agreed to do; and moreover he agreed, in this case, that, for the same default, if the rent continued in arrear a specified time, the landlord might re-enter. Such re-entry would, at the common law, work a discharge of the rent only from the time when it took place. So of an ejectment for non-payment of rent. The object of the statute was to afford a remedy less harsh than the first, but more summary than the second, without intending any greater prejudice to the landlord than would result from either. Indeed, perhaps if we were to give the words a retroactive effect, then: reading might be restricted to that object. It is the agreement for the use of the premises, and the relation of landlord and tenant, which are annulled. The express contract to pay the rent for that part of the term already elapsed, is not necessarily destroyed, though the agreement for use and the relation of landlord and tenant be gone. In other words, the demising clause may be declared void from the beginning, without necessarily impairing the obligation to compensate for the past occupation.
Something is claimed for the tenant from the doctrines of the common law. It is said that the remedy by action is waived, or, if not, that there has been an election; and instances are mentioned under these heads. The cases which deny an enforcement of the forfeiture after the landlord has distrained for the rent, proceed on the ground that, by distraining, he has waived the forfeiture, and elected to consider the lease as still subsisting. It may be conceded that, e converso, an ejectment carried to judgment and execution would avoid the right to dis-train ; but this is because the relation of landlord and tenant ceases. An action may well lie for the rent without the con *510 tinuance of that relation, though it be essential to the right of distress. This may expire by efflux of time, and in various other ways, without at all impairing the right of action. It is not denied that even' bringing an action for the rent might in some cases defeat an ejectment; but this also proceeds on the same ground. It waives the forfeiture. (See 1 Leigh's N. P., Covenant, Ch. 7, § 10.) It does not follow that enforcing the forfeiture by ejectment or otherwise waives all remedy by action. The rent is not due by forfeiture, but by contract. Nor does the case come within the rule as to the election of remedies. Ejectment is not a remedy for the rent. It is a proceeding to recover the possession of the land which is forfeited. But if regarded as a remedy for the breach of the contract to pay, it is collateral to an action directly on the contract, and a man does not, by pursuing one of several collateral remedies, make an election in that sense which precludes his resort to another.
It is said, the rent is gone forever by reason of the re-entry; and Litt. § 335, is referred to as an authority for the proposition. The remark there, however, has no relation to rent, but to a sum of money improperly so called, payable to a stranger, and for non-payment of which the estate is forfeited. In that case, there being no remedy save by entry for condition broken, the remark is of course strictly true. But in respect to rent, properly so called, the doctrine is directly the reverse, as is shown by Nunns v. Gee, (Cro. Eliz. 77.) There, Owen & Wood, of counsel, mentioned the case of rent on a lease for years, to be void for non-payment. Although the lease become void, yet for rent due before, debt lies. And they mentioned a case nearer the principal one, where, after rent fell due, the lease became void by the provisions of a statute; yét for rent due before it became void, covenant was held to lie. Wray, O. J. gave the reason, that the covenant was first broken, and the lease became void afterwards. The case of Hill v. Pilkington, (Cro. Eliz. 244,) is to the same effect. - Indeed, the contrary would be absurd. It is saying that the tenant may, by his own default, oust the landlord of a remedy already vested. The eviction is not unlawful, like the common one treated of as *511 a bar to the recovery of rent; but it is made lawful by the tenant himself. He claims exemption as a consequence of his own default. The lease is indeed» void from the day of the forfeiture ; but valid for the previous time. Compensation for possession continued after that time must be recovered by an action for mesne profits. So in the case before us. For the time subsequent to the day of forfeiture, the remedy must be by trespass, because from that time the defendant was a tort-feasor; and the recovery here was in fact limited according to this distinction. The rent for the last quarter not being due when the warrant to deliver possession was issued, this could not be recovered by action on the lease or any clause which it contained. The lease was therefore void for every purpose from the time when the third quarter fell due. The tenant may and should be considered a trespasser from that time, so that a sum proportionable to the rent may be recovered as damages in a proper action for the wrongful detainer.
On our construction of the statute, the result is, as stated by President King of a like statute in Pennsylvania: “ The landlord -undoubtedly has his remedy for the recovery of his rent, although he may thus be repossessed of his property; and he may prosecute itas ’hé could any other claim in the suitable and appropriate forum.” (Rubicum v. Williams, 1 Ashm. 235.)
Judgment affirmed.